*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★        ★ ★ ★

# OPINION

No. 04-08-00424-CV

**IN RE** Garry David **GALLARDO**

Original Mandamus Proceeding[1]

Opinion by:     Sandee Bryan Marion, Justice

Sitting:         Alma L. López, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and filed:    July 30, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relator has been incarcerated since June 29, 2005 in a federal prison in Kentucky. On June 13, 2008, he filed a petition for writ of mandamus in which he seeks "a temporary restraining order (TRO), a writ of prohibition, or an order to cease and desist" against Bexar County, Texas, which has initiated a delinquent property tax suit against him in the Bexar County District Court. Although it is unclear precisely what relief petitioner seeks, the basis of his request is that the tenant leasing his property while he has been incarcerated failed to pay the taxes on the property pursuant to "an implied contract." Relator contends his tenant saved the tax money in order to use it to purchase the property in the foreclosure sale that would ensue following the delinquent tax suit. Relator also contends he wrote to the San Antonio Police Department and requested that the tenant be

---

[1] This proceeding arises out of Cause No. 2007-TA1-01684, styled *Bexar County et al. v. Garry David Gallardo*, filed in the 166th Judicial District Court, Bexar County, Texas.

investigated criminally, but was informed by the police that his remedy for any injuries incurred must be sought in civil court. It appears that relator now seeks either to enjoin Bexar County from proceeding with the delinquent tax suit against his property or a stay in the proceedings so that he may, in the interim, obtain a civil judgment against the tenant that he would then use to pay the delinquent property taxes and obviate the need for the underlying lawsuit. Because it is unclear what type of relief relator seeks, we discuss two possible interpretations of his petition.

## DISCUSSION

First, relator's petition for writ of mandamus may be construed as requesting this court to enjoin Bexar County from proceeding with its foreclosure action against his property. On this basis, we would dismiss relator's petition for lack of jurisdiction. The Texas Government Code grants this court power to issue writs of mandamus against a judge of a district or county court or against a judge of a district court who is acting as a magistrate at a court of inquiry. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). The statute does not contemplate the power to issue a writ of mandamus against a plaintiff in a civil proceeding in order to enjoin that party from proceeding with a cause of action. *See id.* Thus, interpreted as a petition to enjoin Bexar County from pursuing its delinquent tax lawsuit, relator's request should be dismissed.

Second, relator's petition may be construed as asking this court to grant a stay of the underlying lawsuit in the district court on the grounds that the district court judge failed to rule on a filed motion. To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). We consider various factors

in determining whether a motion has been pending for an unreasonable time, including the trial court's actual knowledge of the pending motion, its overt refusal to act on it, the state of the court's docket, and the court's inherent power to control its own docket. *Ex parte Bates,* 65 S.W.3d 133, 135-36 (Tex. App.—Amarillo 2001, orig. proceeding). Whether the delay in ruling on a motion is unreasonable depends on the circumstances of each case. *Id.* A relator carries the burden of providing this court with a sufficient record to establish a right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(j), 52.7(a).

In this case, relator has failed to provide this court with a file-stamped copy of his motion to stay the underlying lawsuit. Instead, he has merely provided us with an unofficial copy of his answer to the original petition, which contains his motion to stay. Relator has not established that the trial court is actually aware of the request for a stay and/or has refused to rule on it, nor has he established any of the circumstances necessary to determine if his request has been pending for an unreasonable time. Because relator has not provided this court with a record upon which mandamus relief may be granted, his petition for a writ of mandamus should be denied.

## CONCLUSION

Because relator is not entitled to the relief sought, the petition is DENIED. TEX. R. APP. P. 52.8(a).

Sandee Bryan Marion, Justice