NUMBER 13-09-00507-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE WILLIAMS FARMS PRODUCE, INC.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion Per Curiam (1)



 Relator, Williams Farms Produce, Inc., filed a petition for writ of mandamus and
motion for emergency relief in the above cause on September 1, 2009. On September 2,
2009, the Court requested that the real party in interest, R & G Produce Sales, by and
through counsel, file responses to relator's motion for emergency relief and petition for writ
of mandamus, and such responses have been duly filed. 

 Mandamus relief is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235
S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d
257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator
must show that the trial court clearly abused its discretion and that the relator has no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding));
see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). 
Stated otherwise, mandamus may be available upon a showing that (1) a trial court clearly
abused its discretion by failing to correctly apply the law, and (2) the benefits and
detriments of mandamus render appeal inadequate. See In re Schmitz, 285 S.W.3d 451,
458 (Tex. 2009) (orig. proceeding). 

 To satisfy the clear abuse of discretion standard, the relator must show that the trial
court could "reasonably have reached only one decision." Liberty Nat'l Fire Ins. Co. v.
Akin, 927 S.W.2d 627, 630 (Tex. 1996) (quoting Walker, 827 S.W.2d at 840). Whether a
clear abuse of discretion can be adequately remedied by appeal depends on a careful
analysis of the costs and benefits of interlocutory review. In re McAllen Med. Ctr., Inc., 275
S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus
review are outweighed by the detriments." In re Prudential Ins. Co. of Am., 148 S.W.3d
at 136.

 Based on the foregoing, relator has failed to meet its burden to provide this Court
with a sufficient record to establish its right to relief. Walker, 827 S.W.2d at 837; In re
Gallardo, 269 S.W.3d 643, 645 (Tex. App.-San Antonio 2008, orig. proceeding); see Tex.
R. App. P. 52.3(k), 52.7(a). With regard to relator's first issue pertaining to the jurisdictional
limits of the trial court, relator has failed to establish that it lacks an adequate remedy by
appeal. With regard to relator's second and third issues pertaining to discovery rulings,
relator has failed to show that the trial court clearly abused its discretion by failing to
correctly apply the law. 

 Accordingly, the Court, having examined and fully considered the petition for writ of
mandamus and motion for emergency relief and the responses thereto, is of the opinion
that relator has not shown itself entitled to the relief sought. Accordingly, the petition for
writ of mandamus and motion for emergency relief are DENIED. See Tex. R. App. P.
52.8(a). 


 PER CURIAM



Memorandum Opinion delivered and filed

this 11th day of September, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).