

## NUMBER 13-09-00670-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

### IN RE THE STATE OF TEXAS

---

### On Petition for Writ of Mandamus.

---

### MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion Per Curiam[1]

Relator, the State of Texas, filed a petition for writ of mandamus and motion for a temporary stay of proceedings on December 15, 2009. In its petition, relator requested the trial court to rescind an order granting the defendant's motion to depose a State's witness in the underlying murder case. The trial court granted the motion on June 29, 2009. Thereafter, on September 24, 2009, the trial court decided the location where the

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

deposition would be taken. The State complains of both actions by the trial court, arguing in its petition that defendant has not complied with the requirements for taking the deposition of an adverse witness set forth in TEX. CODE CRIM. PROC. ANN. § 39.02 (Vernon 2005).

Mandamus relief is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). Stated otherwise, mandamus may be available upon a showing that (1) a trial court clearly abused its discretion by failing to correctly apply the law, and (2) the benefits and detriments of mandamus render appeal inadequate. *See In re Schmitz*, 285 S.W.3d 451, 458 (Tex. 2009) (orig. proceeding).

To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). Based on the foregoing, relator has failed to meet its burden to provide this Court with a sufficient record to establish its right to relief. *See Walker*, 827 S.W.2d at 837; *In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.–San Antonio 2008, orig. proceeding).

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and motion for emergency relief, is of the opinion that relator has not shown

itself entitled to the relief sought. Accordingly, the petition for writ of mandamus and motion for emergency relief are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of January, 2010.