NUMBER 13-09-00670-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE THE STATE OF TEXAS

____________________________________________________________


On Petition for Writ of Mandamus.

____________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion Per Curiam (1)



 Relator, the State of Texas, filed a petition for writ of mandamus and motion for a
temporary stay of proceedings on December 15, 2009. In its petition, relator requested
the trial court to rescind an order granting the defendant's motion to depose a State's
witness in the underlying murder case. The trial court granted the motion on June 29,
2009. Thereafter, on September 24, 2009, the trial court decided the location where the
deposition would be taken. The State complains of both actions by the trial court, arguing
in its petition that defendant has not complied with the requirements for taking the
deposition of an adverse witness set forth in Tex. Code Crim. Proc. Ann. § 39.02 (Vernon
2005). 

 Mandamus relief is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235
S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d
257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator
must show that the trial court clearly abused its discretion and that the relator has no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding));
see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). 
Stated otherwise, mandamus may be available upon a showing that (1) a trial court clearly
abused its discretion by failing to correctly apply the law, and (2) the benefits and
detriments of mandamus render appeal inadequate. See In re Schmitz, 285 S.W.3d 451,
458 (Tex. 2009) (orig. proceeding). 

 To satisfy the clear abuse of discretion standard, the relator must show that the trial
court could "reasonably have reached only one decision." Liberty Nat'l Fire Ins. Co. v.
Akin, 927 S.W.2d 627, 630 (Tex. 1996) (quoting Walker, 827 S.W.2d at 840). Based on
the foregoing, relator has failed to meet its burden to provide this Court with a sufficient
record to establish its right to relief. See Walker, 827 S.W.2d at 837; In re Gallardo, 269
S.W.3d 643, 645 (Tex. App.-San Antonio 2008, orig. proceeding).

 Accordingly, the Court, having examined and fully considered the petition for writ of
mandamus and motion for emergency relief, is of the opinion that relator has not shown



itself entitled to the relief sought. Accordingly, the petition for writ of mandamus and
motion for emergency relief are DENIED. See Tex. R. App. P. 52.8(a). 




 PER CURIAM



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 4th

day of January, 2010.

 



 

1. See Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).