# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00693-CV

**In re Ezelle Minton**

## ORIGINAL PROCEEDING FROM BASTROP COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Ezelle Minton, an inmate, has filed a pro se petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). In the petition, Minton seeks a writ to compel the trial court to rule on his request to appoint counsel to assist him in filing a motion for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2012) (requiring trial court to appoint counsel for convicted person seeking post-conviction DNA testing if certain requirements are met). For the following reasons, we deny Minton's petition for writ of mandamus.

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that (1) a ministerial act, not a discretionary or judicial decision, is being sought, and that (2) there is no other adequate legal remedy at law to redress the alleged harm. *State ex. rel. Young v. Sixth Judicial Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to consider and rule, within a reasonable time, on motions properly filed and pending before the court. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). However, a court is not required to consider a motion

not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

Attached to Minton's mandamus petition is an unofficial copy of his motion for the appointment of counsel that is dated June 4, 2012. This document does not contain a file stamp from the trial court. Thus, Minton has failed to show that he has properly filed the motion that is the basis of his mandamus petition with the trial court, or if he did, the date on which it was received by the clerk's office. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding) (concluding unofficial copy of document containing relator's motion to stay did not establish motion was filed with trial court).

Furthermore, even if Minton properly filed the motion, the filing of a motion with the district clerk does not establish that the motion was brought to the trial court's attention because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Minton's petition fails to demonstrate that his motion has actually been brought to the trial court's attention or presented for a ruling. Thus, we cannot hold under this record that the trial court failed to perform a non-discretionary act. Therefore, we deny Minton's petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

The petition for writ of mandamus is denied.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: February 27, 2013

2