

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00403-CR

**IN RE** LeRoy W. **SMITH**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Catherine Stone, Chief Justice
                    Karen Angelini, Justice
                    Marialyn Barnard, Justice

Delivered and Filed:  July 3, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On June 24, 2013, relator filed a petition for writ of mandamus seeking an order compelling the trial court to rule on his motion for judgment *nunc pro tunc* in which he requested a modified judgment of conviction to reflect additional pre-sentence jail time credit.

When a motion for judgment *nunc pro tunc* addressing jail time credit is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *See Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time). Several factors may be considered in

---

[1] This proceeding arises out of Cause No. 2009CR1615, styled *The State of Texas v. LeRoy W. Smith*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket and the existence of other judicial and administrative matters requiring the court's attention. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

The relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief including, in a case such as this, that the trial court was made aware of the motion and that the motion has awaited disposition for an unreasonable period of time. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Smith has not provided this court with a record sufficient to establish his claim for relief. Although a copy of a handwritten motion for judgment *nunc pro tunc* was attached to Smith's mandamus petition, which Smith asserts was filed in November 2012, the record does not establish that the trial court has been made aware of the motion or expressly refused to rule on it. *In re Gallardo*, 269 S.W.3d at 645. We conclude Smith has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH