

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00891-CR

**IN RE** Samuel **ESPINOZA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  December 31, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

On December 19, 2014, relator Samuel Espinoza filed a pro se petition for writ of mandamus seeking an order directing the trial court to rule on a petition for expunction of record relator claims to have filed in the trial court.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *See Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time). Several factors may be considered in determining whether the trial court has

---

[1] This proceeding arises out of Cause No. 5924, styled *The State of Texas v. Samuel Espinoza*, pending in the 229th Judicial District Court, Duval County, Texas, the Honorable Ana Lisa Garza presiding.

unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket and the existence of other judicial and administrative matters requiring the court's attention. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

The relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief including, in a case such as this, that the motion was properly filed, the trial court was made aware of the motion, and it has awaited disposition for an unreasonable period of time. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator has not provided this court with a record sufficient to establish his claim for relief. Relator has not provided this court with a copy of the petition for expunction he asserts was filed in September 2013, there is no record establishing that the motion was properly filed with the district clerk, that the trial court has been made aware of the motion or that the trial court has expressly refused to rule on it. *In re Gallardo*, 269 S.W.3d at 645. We conclude Espinoza has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

Additionally, relator requested leave to file the petition for writ of mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's request for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH