

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00086-CR

**IN RE** George **ROSAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  March 4, 2015

PETITION FOR WRIT OF MANDAMUS DENIED IN PART, DISMISSED IN PART FOR LACK OF JURISDICTION; PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On February 19, 2015, relator filed a pro se petition for writ of mandamus seeking an order directing the trial court to rule on relator's pending motions, and an investigation into alleged misconduct by a detective and relator's appointed counsel. Relator also requests in his petition a writ of habeas corpus. Relator is currently incarcerated and awaiting trial on pending charges in the underlying criminal proceeding. Because this court is without jurisdiction to consider some of the relief sought by relator, we dismiss relator's petition in part and, for the reasons discussed below, we deny mandamus relief with respect to the remainder of relator's petition.

---

[1] This proceeding arises out of Cause No. 2014CR5767, styled *The State of Texas v. George Rosas*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

Relator asks this court to order an investigation into alleged misconduct by a detective with the Bexar County Sheriff's office, and to impose disciplinary action against his appointed counsel. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We do not have jurisdiction to grant this relief requested in relator's petition. Accordingly, we dismiss this portion of relator's petition for lack of jurisdiction.

Relator also requests a writ of habeas corpus, purportedly to allow him to appear in court on his own behalf. This court, as an intermediate court of appeals, is not authorized to grant a writ of habeas corpus in this instance. In criminal matters, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Lewis v. State*, 191 S.W.3d 225, 229 (Tex. App.—San Antonio 2005, pet. ref'd). The courts authorized to issue writs of habeas corpus in a criminal proceeding are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, relator's request for writ of habeas corpus is also dismissed for lack of jurisdiction.

Relator further complains the trial court has failed to rule on various requests and motions relator claims to have filed over the last year, including complaints to the judge and district attorney, motions to dismiss and suppress, and a petition for injunction. "'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act' and mandamus may issue to compel the trial judge to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.—Tyler 1993, orig.

proceeding)) (holding trial court is required to consider and rule upon a motion within a reasonable time); *see also Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). Several factors may be considered in determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket and the existence of other judicial and administrative matters requiring the court's attention. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

The relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief including, with respect to an alleged failure to rule, that the trial court has been made aware of the motions and that the motions have awaited disposition for an unreasonable period of time. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); TEX. R. APP. P. 52.3(k)(1)(A); *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator has not provided this court with a record sufficient to establish his claim for relief. None of the motions referred to in relator's petition have been provided to this court and the record does not establish that the motions were properly filed with the district clerk, that the trial court has been made aware of the motions or that the trial court has expressly refused to rule on them. *Gallardo*, 269 S.W.3d at 645. We conclude Rosas has not shown himself entitled to mandamus relief on this issue. Accordingly, the petition for writ of mandamus with respect to the trial court's alleged failure to rule is denied.

In addition, we note that relator has been appointed trial counsel to represent him in connection with the currently pending criminal charges. While relator expresses frustration at the

representation provided by his appointed counsel, relator's appointed attorney is currently his counsel of record. We conclude that, as long as relator has an attorney of record, any original proceeding on behalf of relator in this court should be presented by relator's appointed trial counsel. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (en banc). The absence of a right to hybrid representation means relator's pro se mandamus petition will be treated as presenting nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). Accordingly, any remaining requests for relief raised in relator's petition for writ of mandamus are denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH