

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00330-CR

**IN RE** John Eric **GINN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  June 3, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On May 28, 2015, relator John Eric Ginn filed a pro se petition for writ of mandamus seeking an order directing the trial court to rule on relator's requests to obtain a copy of his attorney-client file and a copy of trial court records at no or reduced cost.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *See Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time). Several factors may be considered in determining whether the trial court has

---

[1] This proceeding arises out of Cause No. 2008CR1279, styled *The State of Texas v. John Eric Ginn*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket and the existence of other judicial and administrative matters requiring the court's attention. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

The relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief including, in a case such as this, that the trial court was made aware of a properly filed motion and that the motion has awaited disposition for an unreasonable period of time. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator has not provided this court with a record sufficient to establish his claim for mandamus relief. Relator does not provide a copy of any motion filed in the district court, and the trial court record does not establish that any motion has been filed with the district clerk, that the trial court has been made aware of the motion or that the trial court has expressly refused to rule on it. *In re Gallardo*, 269 S.W.3d at 645. We conclude Ginn has not shown himself entitled to mandamus relief on this record. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH