

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00384-CR

**IN RE** Andre **CLEWIS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Patricia O. Alvarez, Justice
             Jason Pulliam, Justice

Delivered and Filed:  July 6, 2016

PETITION FOR WRIT OF MANDAMUS DENIED

On June 20, 2016, Relator filed a pro se petition for writ of mandamus seeking an order directing the trial court to rule on relator's "Motion to Clarify Factual Findings of Judgment Art. 42.01 (1); (7), (21) [sic]."

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *See Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time).  Factors that are considered in determining whether the trial court has

---

[1] This proceeding arises out of Cause No. 2005CR9206C, styled *The State of Texas v. Andre Clewis*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

unnecessarily delayed a ruling include: (a) the trial court's actual knowledge of the motion; (b) the trial court's overt refusal to act on it; (c) the state of the court's docket; and (d) the existence of other judicial and administrative matters requiring the court's attention. *In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

A relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) (relator must file a certified or sworn copy of every document material to the relator's claim for relief that was filed in underlying proceeding"). In a case such as the one before us, a relator has the burden to provide a court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *In re Gallardo*, 269 S.W.3d at 645; *In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Here, Relator did not provide this court with a record sufficient to establish his claim for relief. Instead, Relator provided only a document entitled "Motion to Clarify Factual Findings of Judgment Art. 42.01 (1); (7), (21) [sic]," which Relator asserts was filed with the district clerk in January 2016, but which is not file-marked. Because the record does not establish that the motion at issue was filed with the district clerk, that the trial court has been made aware of the motion, or that the trial court has expressly refused to rule on it, we conclude Relator has not shown himself entitled to mandamus relief on this record. *In re Gallardo*, 269 S.W.3d at 645. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH