

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00405-CR

**IN RE EUSTORGIO GUZMAN RESENDEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Sandee Bryan Marion, Chief Justice
                     Marialyn Barnard, Justice
                     Rebeca C. Martinez, Justice

Delivered and Filed: June 27, 2018

PETITION FOR WRIT OF MANDAMUS DENIED
MOTION FOR LEAVE DENIED AS MOOT

On June 15, 2018, relator filed a pro se petition for writ of mandamus, apparently seeking an order directing the trial court to rule on his pro se "Motion[s] for DNA testing and Exhume."

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act and mandamus may issue to compel the trial judge to act. *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004). A relator has the burden of providing this court with a record sufficient to establish a right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as the one before us, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motions at issue

---

[1] This proceeding arises out of Cause No. 91-CR-43, styled *The State of Texas v. Eustorgio Guzman Resendez*, pending in the 229th Judicial District Court, Starr County, Texas, the Honorable Ana Lisa Garza presiding.

and that such motions have not been ruled on by the trial court for an unreasonable period of time. *In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding.)

Because relator has provided this court with no record, he has failed to establish the motions at issue were filed with the trial court, the trial court has been made aware of the motions, or the trial court has expressly refused to rule on the motions. Therefore, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

Relator also filed a pro se motion for leave to file the petition for writ of mandamus. We deny as moot relator's motion for leave because a motion for leave is not required for a petition for mandamus filed in an intermediate appellate court. *See* TEX. R. APP. P. 52.1.

PER CURIAM

Do not publish