

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00408-CR

**IN RE** Derek M. **BAILEY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: June 27, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion for default judgment.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that

---

[1] This proceeding arises out of Cause No. 94-0857-CR, styled *The State of Texas v. Derek M. Bailey*, pending in the 25th Judicial District Court, Guadalupe County, Texas, the Honorable William Old presiding.

was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Attached to relator's petition is a copy of a document entitled "Motion for Default Judgment Incorporating [Relator's] Memorandum in Support." The document bears a hand-written date of May 13, 2018. The document is not file-stamped by the clerk; and no other documents were provided by relator showing the trial court was made aware of the motion and that such motion has not been ruled on by the trial court for an unreasonable period of time. Because relator did not provide this court with a record, he has failed to establish the motion at issue was filed with the trial court, the trial court was made aware of the motion, or the trial court has expressly refused to rule on the motion. Therefore, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish