

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00536-CR

**IN RE** Miguel **CHAVEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed: August 15, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion for appointment of counsel pursuant to Texas Code of Criminal Procedure article 64.01(c).

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

---

[1] This proceeding arises out of Cause No. 2006CR0659, styled *The State of Texas v. Miguel Chavez*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

With the exception of a declaration of indigence, no pleadings or other documents are attached to relator's petition. Because relator did not provide this court with a record, he has failed to establish the motion at issue was filed with the trial court, the trial court was made aware of the motion, or the trial court has expressly refused to rule on the motion. Therefore, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish