

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-18-00565-CR

**IN RE** Roger **SOLIZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice
            Irene Rios, Justice

Delivered and Filed:  August 22, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion for DNA testing and for appointment of counsel.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law.  *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion.  *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief.  *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a

---

[1] This proceeding arises out of Cause No. 2009-CR-0755B, styled *The State of Texas v. Roger Soliz*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Attached to relator's petition is a copy of (1) his motion for DNA testing, (2) a motion to appoint counsel, and (3) a cover letter addressed to the Bexar County Clerk asking the clerk to file his motions and send him a file-stamped copy by return mail. None of the documents are file-stamped by the clerk. However, the record also contains a copy of an inmate form in which relator asks for confirmation that his motions were mailed. This document contains a hand-written notation stating, "Yes, it went out on 7-5-18." Even if this inmate form indicates relator's motions were mailed and filed with the Bexar County Clerk, relator did not provide this court with a record indicating the trial court was made aware of the motion. Showing a motion was filed with the court clerk does not constitute proof the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

Finally, the temporal requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon a myriad of criteria, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 228-

This court has held that one month is a reasonable time to pass before a court rules. *See In re Holleman*, No. 04-04-00183-CV, 2004 WL 624584, at *1 (Tex. App.—San Antonio Mar. 31, 2004, orig. proceeding) (mem. op.) (per curiam); *but see Ramirez*, 994 S.W.2d at 684 (deciding 18-month delay was unreasonable). In this case, less than two months have elapsed since relator allegedly filed his motions and the record does not contain a copy of the trial court's docket or other proof that establishes the trial court has failed to rule on his motions within a reasonable time.

Based on the record before us, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish