

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00663-CR

**IN RE** Reginald **NELSON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  September 26, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

On September 14, 2018, relator Reginald Nelson filed a petition for writ of mandamus asking this court to compel the trial court to rule on his application for writ of habeas corpus.

To be entitled to mandamus relief, a relator must show: (1) the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding).  A trial court has a ministerial duty to consider and rule on a habeas application or motion properly filed and pending before it, and mandamus may issue to compel the trial court to act. *See In re Debenedetto*, No. 04-18-00381-CR, 2018 WL 3039949, at *1 (Tex. App.—San Antonio June 20, 2018, orig. proceeding) (mem. op., not designated for

---

[1] This proceeding arises out of Cause No. 2005CR1719A, styled *Ex parte Reginald Nelson*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

publication). "We consider various factors in determining whether a motion has been pending for an unreasonable time, including the trial court's actual knowledge of the pending motion, its overt refusal to act on it, the state of the court's docket, and the court's inherent power to control its own docket." *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding). "In a case such as the one before us, a relator has the burden to provide this court with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time." *See In re Debenedetto*, 2018 WL 3039949, at *1.

The only record Nelson provided in this case is a copy of his habeas application; however, the application is not file-stamped by the district clerk. Furthermore, Nelson has not demonstrated his application was properly presented to the trial court. "'A trial court is not required to consider a motion that has not been called to its attention by proper means.'" *Id*. (quoting *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding)). Finally, Nelson states he mailed his habeas application on August 8, 2018; therefore, he cannot demonstrate any delay in ruling on the motion is unreasonable. *See In re Blakeney*, 254 S.W.3d 659, 662-63 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Because Nelson has not shown he is entitled to mandamus relief, we deny his petition for writ of mandamus.

PER CURIAM

DO NOT PUBLISH