

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00741-CR

**IN RE** Jerome Walter **HUNTER**, Jr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed:  October 24, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

On October 15, 2018, relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion for nunc pro tunc.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a

---

[1] This proceeding arises out of Cause No. 2003CR0161W, 2003CR5603B and 2003CR5604B, styled *The State of Texas v. Jerome Walter Hunter, Jr.*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Lorina I. Rummel presiding.

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Attached to relator's petition are copies of several documents, including a "Motion for Nunc Pro Tunc to Correct the Record for In Custody Time Credits." This document is not signed by relator or file-stamped by the clerk. The appendix also contains an undated and unsigned letter to the Bexar County District Clerk asking that his motion be filed. No other documents were provided by relator showing the trial court was made aware of his motion.

Finally, the temporal requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon a myriad of criteria, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 228-29. This court has held that one month is a reasonable time to pass before a court rules. *See In re Holleman*, No. 04-04-00183-CV, 2004 WL 624584, at *1 (Tex. App.—San Antonio Mar. 31, 2004, orig. proceeding) (mem. op.) (per curiam); *but see Ramirez*, 994 S.W.2d at 684 (deciding 18-month delay was unreasonable).

In this case, relator alleges he filed his motion on or about September 7, 2018, only a little more than one month before filing his petition for writ of mandamus. The record does not contain

a copy of the trial court's docket or other proof that establishes the trial court has failed to rule on relator's motion within a reasonable time.

Relator did not provide this court with a record establishing the motion at issue was filed with the trial court, the trial court was made aware of the motion, or the trial court has expressly refused to rule on the motion within a reasonable time. Therefore, relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish