

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00391-CR

**IN RE** Trermaurya **POWELL**,
Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: September 29, 2021

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Trermaurya Powell, an inmate representing himself, filed an "Application for Leave to File Petition for Writ of Mandamus" and a petition for writ of mandamus. Powell's petition complains that on November 18, 2019, the trial court failed to rule on his motion to reverse the magistrate's finding of probable cause because, Powell alleges, he was not represented by counsel at his article 15.17 hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 15.17.

Powell asserts "[t]he acts required of the respondent . . . are ministerial in nature and are not subject to the discretion of [R]espondent." He asks this court to order the trial court to rule on his motion to reverse the magistrate's finding.

---

[1]This proceeding arises out of Cause No. 2019-CR-2393, styled *State of Texas v. Tremaurya Powell*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

When a motion is properly presented to a trial court, the act of considering and ruling on the motion is a ministerial act, and we may issue a writ of mandamus to compel the trial court to act. *See Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

However, a relator must provide this court with a record sufficient to establish a right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) (requiring a relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, Powell had the burden to provide this court with a record showing the motion was filed, the trial court was made aware of the motion, the motion has been pending for an unreasonable amount of time, and the trial court has failed to rule on the motion. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Powell has not provided any record; therefore, he failed to meet his burden. *See id.*; *see also In re Martinez*, No. 04-17-00812-CV, 2017 WL 6502443, at *1 (Tex. App.—San Antonio Dec. 20, 2017, orig. proceeding) (mem. op.) (holding pro se relator to the same procedural standards as other litigants); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd) ("A pro se litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his pro se rights.").

Because Powell has not provided a sufficient record to show that he is entitled to mandamus relief, the petition for writ of mandamus is denied. Further, because the appellate rules do not require an application for leave to file a petition for writ of mandamus, Powell's application is

denied as moot.  *See* TEX. R. APP. P. 52.1; *In re Medina*, No. 04-19-00041-CR, 2019 WL 360534, at *1 (Tex. App.—San Antonio Jan. 30, 2019, orig. proceeding) (mem. op.).

PER CURIAM

DO NOT PUBLISH